**In the Matter of Marvin ABRAMS.**

**No. 665 Disciplinary Docket No. 3.**

Supreme Court of Pennsylvania.

June 28, 2001.

*O R D E R*

PER CURIAM:

AND NOW, this 28th day of June, 2001, a Rule having been entered by this Court on April 2, 2001, pursuant to Rule 214(d)(1), Pa.R.D.E ., directing Marvin Abrams to show cause why he should not be placed on temporary suspension, upon consideration of the response filed, it is hereby

ORDERED that the Rule is made absolute; Marvin Abrams is placed on temporary suspension and he shall comply with all the provisions of Rule 217, Pa.R.D.E.; and the matter is referred to the Disciplinary Board pursuant to Rule 214(f)(1), Pa.R.D.E.

**In the Matter of Douglas Gerald KUNKLE.**

**No. 681 Disciplinary Docket No. 3.**

Supreme Court of Pennsylvania.

July 23, 2001.

*O R D E R*

PER CURIAM:

AND NOW, this 23rd day of July, 2001, a Rule having been entered by this Court on May 31, 2001, pursuant to Rule 214(d)(1), Pa.R.D.E., directing Douglas Gerald Kunkle to show cause why he should not be placed on temporary suspension and upon consideration of the responses filed, it is hereby

ORDERED that the Rule is made absolute; Douglas Gerald Kunkle is placed on temporary suspension and he shall comply with all the provisions of Rule 217, Pa. R.D.E.; and the matter is referred to the Disciplinary Board pursuant to Rule 214(f)(1), Pa.R.D.E.

**M. Diane KOKEN, Insurance Commissioner of the Commonwealth of Pennsylvania, Statutory Liquidator of Corporate Life Insurance Company, by her Deputy, William S. Taylor, Jr. and Newspan, Inc.**

v.

**DP REALTY TRUST, DP Realty Trust, Inc., Covest, Ltd., Ficrest Retirement, Corp., Ficrest Retirement Nominee Trust, Robert F. Feige, Steven Sechrest, Timothy D. Cox, Bernard Cox, Robert W. Martin, III and Hearthstone Funding Corp, Newcomb Enterprises, Inc and the French Company.**

Appeal of Patricia Feige.

Supreme Court of Pennsylvania.

Aug. 21, 2001.

***ORDER***

PER CURIAM:

**AND NOW,** this 21st day of August, 2001, we **AFFIRM** the Order of the Commonwealth Court.

■

**PANTUSO MOTORS, INC., Alfred D. Pantuso, Sr., and Judith Pantuso, Respondents**

v.

**CORESTATES BANK, N.A., Successor-In–Interest to Third National Bank & Trust Company of Scranton, Petitioner.**

**Pantuso Motors, Inc., Alfred D. Pantuso, Sr., and Judith Pantuso, Petitioners**

v.

**Corestates Bank, N.A., Successor–In–Interest to Third National Bank & Trust Company of Scranton, Respondent.**

Supreme Court of Pennsylvania.

Aug. 22, 2001.

***ORDER***

PER CURIAM:

**AND NOW,** this 22nd day of August, 2001, the Petition for Allowance of Appeal, No. 181 M.D. Alloc. Dkt.2000, is granted limited to the following issues:

1. Did the Superior Court err by holding that the statute of limitations applicable to a cause of action under 21 P.S. § 682 begins to run anew with each new request for entry of satisfaction of a mortgage?

2. Did the Superior Court err by holding that a plaintiff who makes multiple requests for entry of satisfaction of a single mortgage may obtain an award of damages under 21 P.S. § 682 for each such request?

The Petition for Allowance of Appeal, No. 183 M.D. Alloc. Dkt.2000, is also granted limited to the following issue:

1. Whether successive demands for satisfaction of an open judgment either revive the initial cause of action or constitute a new and distinct cause of action under 42 Pa.C.S. § 8104?

■

**Sidonie PAVES, Petitioner**

v.

**Dr. Barry CORSON and Carol Corson, Respondents.**

Supreme Court of Pennsylvania.

Sept. 5, 2001.

***ORDER***

PER CURIAM:

**AND NOW,** this 5th day of September, 2001, the Petition for Allowance of Appeal is granted limited to the following issue: